**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES PANIGADA,

    Plaintiff,

v.

GMC, aka GENERAL MOTORS CORPORATION,

    Defendant.
_____/

No. C 05-3602 CRB

**ORDER TO SHOW CAUSE**

    Plaintiff filed a complaint in state court alleging a products liability cause of action against the defendant whereby a truck manufactured by the defendant backed into plaintiff, resulting in personal injury. In his complaint, plaintiff prays for compensatory damages "according to proof." Now pending before the Court is defendant GMC's Notice of Removal based on diversity jurisdiction.

    A district court may sua sponte raise the issue of subject matter jurisdiction. See Galt G/S v. Hapag-Lloyd AG, 60 F.3d 1370, 1373 (9th Cir. 1995). As the party invoking the court's diversity jurisdiction, a removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). If it is unclear from the complaint what amount of damages plaintiff seeks, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Valdez v. Allstate Ins. Co.,

372 F.3d 1115 (9th Cir. 2004) (stating that the removing defendant needs to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount.") (internal quotations and citations omitted).  A defendant must set forth in the removal petition itself the underlying facts supporting its assertion that the amount in controversy is met.  See Gaus, 980 F.2d at 566.  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The Court is not satisfied that defendant established that the amount in controversy is met by a preponderance of the evidence.  In fact, defendant merely alleges that the matter in controversy exceeds $75,000 without providing additional evidence to support that assertion.  In addition, the Complaint itself only asserts that the action exceeds $25,000.  Such assertion is inadequate.

//

//

In this matter, defendant has failed to meet its burden of proving the amount in controversy by a preponderance of the evidence.  Defendant is hereby instructed to file a submission demonstrating that the amount in controversy is met.  If defendant fails to make its submission by September 23, 2005, or the submission fails to meet the proper burden, the Court will remand the matter to state court.

**IT IS SO ORDERED.**

Dated: September 13, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT COURT